UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHILLIP S. WOODRUFF,            )<br>                                                )<br>         Plaintiff,                    )<br>                                                )<br>         v.                             )          Civil Action No. 06-0688 (RBW)<br>                                                )<br>NEIL MCPHIE, Chairman,       )<br>U.S. Merit Systems Protection Board, )<br>                                                )<br>         Defendant.                 )| |

### DEFENDANT'S MOTION TO DISMISS

Defendant, Neil McPhie, Chairman, U.S. Merit Systems Protection Board, respectfully requests that this Court dismiss this case for failure to state a claim pursuant to Fed.R.Civ.P.12(b)(6). Defendant respectfully refers the Court to the accompanying Memorandum of Points and Authorities in Support of this Motion, filed together with this Motion. Defendant also includes a proposed Order providing the relief sought herein.

Plaintiff, who is proceeding pro se, is hereby advised that failure to respond to a dispositive motion may result in the district court granting the motion and dismissing the case. See, Fox v. Strickland, 837 F.2d 507, 509 (D.C. Cir. 1988).

September 8, 2006                         Respectfully submitted,

                                                          /s/
                                        KENNETH L. WAINSTEIN, D.C. Bar # 451058
                                        United States Attorney

                                                          /s/
                                        RUDOLPH CONTRERAS D.C. Bar # 434122
                                        Assistant United States Attorney

                                      /s/
                        ERIC J. JANSON
                        Special Assistant United States Attorney
                        555 Fourth Street, N.W., Rm. E4417
                        Washington, D.C.  20530
                        (202) 514-9150 (telephone)
                        (202) 514-8780 (facsimile)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHILLIP S. WOODRUFF,      )<br>                                              )<br>         Plaintiff,           )<br>                                              )<br>         v.                       )<br>                                              )<br>NEIL MCPHIE, Chairman,  )<br>U.S. Merit Systems Protection Board, )<br>                                              )<br>         Defendant.        ) | Civil Action No. 06-0688 (RBW) |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

To the extent Plaintiff's complaint can be deciphered, it appears that Plaintiff is bringing this civil action against Neil McPhie, Chairman, U.S. Merit Systems Protection Board (MSPB) under the Rehabilitation Act[1] and the Age Discrimination in Employment Act (ADEA) for the MSPB's alleged failure to review and investigate his claims that MSPB Administrative Judge Michele Hudson discriminated against him by failing to provide reasonable accommodations to him due to his disability, continued to discriminate against him during a settlement conference and forced him to sign a settlement agreement without offering him time to review it.  Compl. p. 1-3.

Defendant moves this Court for an order of dismissal, pursuant to Fed.R.Civ.P.12(b)(6), for failure to state a claim because: (i) Plaintiff is neither an "employee" or an "applicant for

---

[1] Plaintiff's complaint cites to Title VII of the Civil Rights Act, but fails to allege that he was discriminated against on the basis of race, color, religion, sex or national origin.  Plaintiff's complaint only alleges disability and age discrimination.  Accordingly, Defendant has liberally construed this complaint to be one under the Rehabilitation Act of 1973, 29 U.S.C. § 794(a)(1). Likewise, Plaintiff cites to the Older Workers Benefit Protection Act (OWBPA), 29 U.S.C. § 626, which is an amendment to the Age Discrimination in Employment Act of 1967 (ADEA),  29 U.S.C. § 633a.

employment" within the meaning of the ADEA and the Rehabilitation Act; (ii) agency regulations preclude Plaintiff's collateral attack on the adjudication of an MSPB appeal; and (iii) Plaintiff's claims are precluded by the doctrine of *res judicata*.  Therefore, Plaintiff's complaint should be dismissed for failure to state a claim under 12(b)(6).

## FACTUAL BACKGROUND

Plaintiff filed an appeal with the Merit Systems Protection Board's (MSPB) Washington Regional Office of the Department of Transportation's (DOT) action removing him from his position of Supervisory Public Affairs Specialist, effective June 30, 2005.  See, Exhibit 1 -- Woodruff v. Department of Transportation, MSPB Docket No. DC-0752-05-0599-I-1.  Plaintiff alleged that DOT's removal action was discriminatory on the basis of disability, reprisal, and age. Id.  On or about September 22, 2005, Plaintiff and DOT entered in a settlement agreement fully resolving Plaintiff's MSPB appeal.  See, Exhibit 2 -- MSPB Initial Decision, dated September 28, 2004.  MSPB Administrative Judge Michele Hudson determined that the parties understood the terms of the settlement agreement, approved the agreement and dismissed the appeal.  Id.  On November 1, 2005, Plaintiff filed a Petition for Review (PFR) with the MSPB ("the Board") requesting that the initial decision be vacated, that the settlement be set aside, and that a new MSPB judge be assigned to his case.  See, Exhibit 3.  Plaintiff alleged that Administrative Judge Hudson failed to accommodate his disabilities, failed to rule on motions, engaged in ex parte communications, did not properly consider EEO laws and the Older Workers Benefit Protection Act, and coerced him into signing the settlement agreement without giving him adequate time for review.  Id.  The MSPB denied Plaintiff's PFR, concluding that the administrative judge made no error in law or regulation that affected the outcome of the case.  See, Exhibit 4 -- MSPB Final

2

Order. Plaintiff filed a petition for judicial review of the MSPB's decision in the United States Court of Appeals for the Federal Circuit on April 14, 2006. Woodruff v. Department of Transportation, C.A. No. 2006-3222, 2006 WL 2505921. Plaintiff voluntarily withdrew his appeal in the Federal Circuit on August 24, 2006. Id.

While Plaintiff's case was still pending before the Board, Plaintiff contacted Defendant's EEO office and filed a formal complaint of discrimination against Administrative Judge Hudson for the reasons set forth in his PFR pending before the Board. See, Exhibit 5 -- Formal EEO Complaint. Indeed, Plaintiff attached a copy of his PFR with his formal EEO complaint. Id. Defendant issued a decision dismissing Plaintiff's formal EEO complaint for failure to state a claim and for an improper collateral attack on the MSPB's adjudicatory process. See, Exhibit 6 -- Dismissal of Formal EEO Complaint. Plaintiff files the instant complaint against Neil McPhie, Chairman, U.S. Merit Systems Protection Board under the Older Workers Benefit Protection Act and Rehabilitation Act[2] for failing to review and investigate his discrimination allegations against MSPB Administrative Judge Hudson.

## ARGUMENT

**I.    Legal Standard**

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to test the legal sufficiency of a complaint. Atchinson v. District of Columbia, 73 F. 3d 418, 421 (D.C. Cir. 1996). A complaint may be dismissed for failure to state a claim upon which relief may be granted, if the facts pled and reasonable inferences therefrom are legally insufficient to support the relief requested. Appleton v. United States of America, 69 F. Supp. 2d. 83, 86 (D.D.C.

---

[2] See, *fn. 1 supra.*

1999). In reviewing a motion to dismiss, whether on grounds of lack of jurisdiction over the subject matter or for failure to state a cause of action, all factual allegations in the complaint and all reasonable inferences that can be drawn therefrom must be accepted as true and viewed in the light most favorable to the non-moving party. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Scheuer v. Rhodes, 416 U.S. 232 (1974). The court need not, however, accept as true the plaintiff's legal conclusions. See Taylor v. FDIC, 132 F.3d 753, 762 (D.C. Cir. 1997). From the facts alleged in the complaint, it appears beyond a doubt that the Plaintiff can prove no set of facts that would entitle him to relief.

**II.     Plaintiff is Precluded From Bringing Forth a Suit Against the MSPB under the ADEA Or Rehabilitation Act Since He is Neither an "Employee" or an "Applicant for Employment"**

Plaintiff has no cognizable claim under the ADEA or the Rehabilitation Act for Defendant's alleged failure to review and investigate his discrimination allegations against MSPB Administrative Judge Hudson since he is neither an "employee" or an "applicant for employment" within the meaning of the ADEA or Rehabilitation Act. 29 C.F.R. § 1614.103(a) states that discrimination claims, including those falling under the ADEA and Rehabilitation Act, "shall be processed in accordance with this part." Under 29 C.F.R. § 1614.107, the agency shall dismiss a complaint if it fails to state a claim under 29 C.F.R. § 1614.103. In order to recognize a claim under this part, the claim must concern an employment practice or a practice which affects the individual in his or her capacity as an employee or applicant for employment. Id; See also, Sherwood v. Evans, 422 F.Supp.2d 181, 184 (D.D.C. 2006) (liability not triggered against federal government unless complainant is employee or applicant for employment). Likewise, Section 633a of the ADEA, and Section 794a(a)(1) of the Rehabilitation Act, specifically require

that the plaintiff in an action brought under either of these statutory sections be an <u>employee</u> or <u>applicant for employment</u> of the defendant federal agency.³  29 U.S.C. § 633a, 794(a)(1).

Plaintiff here is not, and does not claim to be, either an employee or applicant for employment with the Defendant.  Rather, he is suing the MSPB in its adjudicatory capacity and not in its capacity as an employer.  Accordingly, there is no cognizable claim under either 29 U.S.C § 633a of the ADEA, or 29 U.S.C. § 794a(a)(1) of the Rehabilitation Act against the MSPB or its Chairman for the alleged actions of the MSPB's administrative judge in Plaintiff's appeal. <u>Cf</u>, <u>Svenson v. Thomas</u>, 607 F.Supp. 1004, 1006 (D.D.C. 1985) (Chairman of EEOC not amenable to suit under either Title VII or ADEA for challenges to EEOC's investigation and processing of discrimination complaint).  Therefore, the instant complaint should be dismissed for failure to state a claim.

### III.   Agency Regulations Preclude a Collateral Attack on the Adjudication of an MSPB Appeal Through the EEO Complaint Process

Plaintiff is also precluded from seeking relief in this court under Section 504 of the Rehabilitation Act, which prohibits discrimination on the basis of disability in programs or activities conducted by Executive agencies. Defendant has promulgated regulations to effectuate Section 119 of the Rehabilitation, Comprehensive Services, and Developmental Disabilities Amendments of 1978, which amended Section 504 of the Rehabilitation Act.  In particular, 5 C.F.R. § 1201.170(a) explains that complaints alleging violations of section 504 with respect to

---

³ As noted earlier, Plaintiff cites to the Older Workers Benefit Protection Act of 1990 (OWBPA) as the basis for his age discrimination claim.  This amendment to the ADEA, which provides specific conditions that must be met to establish that a waiver of OWBPA rights in a settlement agreement is knowing and voluntary, does not amend the requirement under 29 U.S.C. § 633a that a plaintiff must be either an employee or applicant for employment with the named defendant.

5

employment will be processed in accordance with the procedures for processing EEO complaints set forth in 29 C.F.R. § 1614. If however, the individual bringing the complaint is alleging the he has been subject to discrimination on the basis of his disability in the adjudication of a Board appeal, the individual must raise the issue during the processing of the MSPB appeal. See, 5 C.F.R. § 1201.170(b)[4]. Accordingly, the EEO complaint process is unavailable to challenge the actions of an administrative judge in the adjudication of a Board appeal. Id.

Here, Plaintiff's underlying EEO complaint alleges that the administrative judge assigned to his MSPB appeal failed to accommodate his disabilities, did not properly consider EEO laws and the OWBPA, and coerced him into signing the settlement agreement without giving him adequate time for review in violation of the OWBPA. Because these allegations arose during the adjudication of Plaintiff's MSPB appeal, it must be addressed in that forum, and not by a collateral attack through the EEO process. Accordingly, the proper judicial forum for that review is the United States Court of Appeal for the Federal Circuit[5] where Plaintiff originally filed his subsequently abandoned petition for judicial review.

---

[4] The Board's regulation was promulgated as an interim rule on May 9, 2005 and made final on August 26, 2005. See, 70 Fed. Reg. 24293, 50149. The notice of the change explained that complaints of discrimination which arise during the adjudication of a Board case should be adjudicated as part of that case, rather than through the EEO process, to prevent improper collateral attacks on the MSPB's adjudicatory authority. Id. This rule is consistent with that applied by the EEOC. See e.g., Gutkowski v. USPS, EEOC Appeal No. 01A53985, 2005 WL 2331892 (September 13, 2005) ("The Commission has long held that an employee cannot use the EEO complaint process to lodge a collateral attack on another forum's proceedings").

[5] The Federal Circuit Court of Appeals has exclusive jurisdiction over appeals from final orders or decisions of the MSPB. 5 U.S.C. § 1295(a)(9). Appeal to the Federal Circuit is available to those "adversely affected or aggrieved by a final order or decision of the [MSPB]." 5 U.S.C. § 7703(a)(1).

**IV.     Plaintiff's Claims Are Precluded by the Doctrine of Res Judicata**

*Res judicata*, also known as claim preclusion, holds that "a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n. 5 (1979) (internal citations omitted). The doctrine of res judicata is designed to preclude parties from relitigating issues that they have had a full opportunity to litigate. Montana v. United States, 440 U.S. 147, 153-154 (1999). By shielding parties from the expense and burdens associated with multiple lawsuits, this doctrine "conserve[s] judicial resources, and reduce[s] the possibility of inconsistent decisions." Id. at 158-159. This preclusive effect attaches to administrative proceedings when the administrative tribunal "is acting in a judicial capacity and resolves issues of fact properly before it which the parties have had an adequate opportunity to litigate," United States v. Utah Construction & Mining Co., 384 U.S. 394 (1965), and there is an opportunity for judicial review of adverse decisions. Id; Kremer v. Chemical Construction Corp., 456 U.S. 461 (1982).

In an analogous case that addressed the *res judicata* effect of MSPB proceedings, the court in Bers v. United States held that a plaintiff who had unsuccessfully litigated his case before an administrative judge of the MSPB, the full MSPB, and the Federal Circuit could not create a new cause of action in the U.S. District Court merely by restating his claim in tort. 666 F.Supp. 1 (D.D.C. 1987). The Court found that the plaintiff had fully litigated, or had an ample opportunity to litigate, his claims at both of the administrative levels of the MSPB and the Federal Circuit and was precluded by *res judicata* from bringing them again in the District Court. Id. at 3.

Here, as in <u>Bers</u>, Plaintiff brought his allegations of discrimination by the MSPB administrative judge to the full Board in his petition for review.  <u>See</u>, Exhibit 3.  Indeed, unlike the plaintiff in <u>Bers</u>, Plaintiff makes no attempt to even restate his claim differently here, and attached a copy of this PFR in support of his formal complaint of discrimination that was filed with Defendant's EEO office.  <u>See</u>, Exhibit 5.  The full Board denied Plaintiff's PFR, concluding that the administrative judge made no error in law or regulation that affected the outcome of the case.  <u>See</u>, Exhibit 4.  Plaintiff then filed a petition for judicial review of the full Board's decision in the United States Court of Appeals for the Federal Circuit on April 14, 2006.  <u>Woodruff v. Department of Transportation</u>, C.A. No. 2006-3222, 2006 WL 2505921.  Although Plaintiff voluntarily withdrew his appeal in the Federal Circuit, he clearly had the opportunity for judicial review of the adverse decision that he received from the full Board.  More importantly, since the full Board denied his PFR which set forth these same allegations of discrimination, and he has chosen not to pursue his appeal of this adverse decision in the Federal Circuit, Plaintiff is precluded by *res judicata* from bringing forth these allegations of discrimination again here in the District Court.

## CONCLUSION

Based upon the foregoing, Defendant respectfully requests that this Court grant this motion to dismiss for failure to state a claim because: (i) Plaintiff is neither an "employee" or an "applicant for employment" within the meaning of the ADEA and the Rehabilitation Act; (ii) agency regulations preclude Plaintiff's collateral attack on the adjudication of an MSPB appeal, and (iii) Plaintiff's claims are precluded by the doctrine of *res judicata*.

September 8, 2006                    Respectfully submitted,

_____/s/_____
KENNETH L. WAINSTEIN, D.C. Bar No. 451058
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS D.C. Bar No. 434122
Assistant United States Attorney

_____/s/_____
ERIC J. JANSON
Special Assistant United States Attorney

Counsel for Defendants

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on September 8, 2006, a true and correct copy of Defendant's Motion to Dismiss, was served under the Court's ECF system and via first class mail, postage prepaid to:

>Phillip S. Woodruff
>10812 Brookwood Avenue
>Upper Marlboro, MD 20772

                                                  _____/s/_____
                                                  Eric J. Janson
                                                  Special Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PHILLIP S. WOODRUFF,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 06-0688 (RBW) |
| ) | |
| **NEIL MCPHIE, Chairman,** ) | |
| **U.S. Merit Systems Protection Board,** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER**

This case having come before this Court on Defendant's Motion to Dismiss, upon consideration of the entire record herein, it is hereby **ORDERED** that:

Defendant's Motion to Dismiss is **GRANTED.**

**SO ORDERED** this _____ day of _____, 2006.

_____
_____Reggie B. Walton
                                 United States District Court Judge