UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD
WASHINGTON REGIONAL OFFICE

| | |
|---|---|
| PHILLIP S. WOODRUFF,<br>        Appellant, | DOCKET NUMBER<br>DC-0752-05-0599-I-1 |
| v. | |
| DEPARTMENT OF<br>TRANSPORTATION,<br>        Agency. | DATE: September 28, 2005 |

Phillip S. Woodruff, Upper Marlboro, Maryland, pro se.

Alexandra R. Randazzo, Esquire, Washington, D.C., for the agency.

**BEFORE**
Michelle M. Hudson
Administrative Judge

**INITIAL DECISION**

    The appellant filed an appeal from the agency's action removing him from the position of Supervisory Public Affairs Specialist, FM-1035-15, effective June 30, 2005. The Board has jurisdiction over this appeal. 5 U.S.C. §§ 7511(a), 7512, 7513, 7701; 5 C.F.R. Part 752, Subpart D. For the reasons that follow, the appeal is DISMISSED.

    On September 22, 2005, the parties entered into a settlement agreement which resolved the matter appealed. *See* Appeal File (AF), Tab 42. I have reviewed the terms of the settlement agreement, and I determined that the parties understood the terms of the agreement, and that it was to be enforceable by the Board. *See Adams v. Department of the Navy*, 53 M.S.P.R. 379, 381-82 (1992)

[citing *Mahoney v. United States Postal Service*, 37 M.S.P.R. 146, 149 (1988)]. I find that the agreement is lawful on its face, and appears to have been freely and voluntarily entered into by the parties. *Cf. Shaw v. Department of the Navy*, 39 M.S.P.R. 586, 590 (1989), *overruled on other grounds by Joyce v. Department of the Air Force*, 74 M.S.P.R. 112, 115 (1997). Accordingly, the settlement agreement entered into by the parties to this appeal is approved for entry into the record. It is therefore appropriate that the appeal be DISMISSED.\*

## DECISION

The appeal is DISMISSED.

FOR THE BOARD:

Michelle M. Hudson
Administrative Judge

## NOTICE TO APPELLANT

This initial decision will become final on ___NOV - 2 2005___, unless a petition for review is filed by that date or the Board reopens the case on its own motion. This is an important date because it is usually the last day on which you can file a petition for review with the Board. However, if this initial decision is received by you more than 5 days after the date of issuance, you may file a petition for review within 30 days after the date you actually receive the initial decision. The date on which the initial decision becomes final also controls when you can file a petition for review with the Court of Appeals for the Federal

---

\* I note for the record that the appellant's September 22, 2005 summary of the prehearing telephone conference held on September 21, 2005, is accurate to the extent that the summary is corrected by the agency in its September 28, 2005 submission. See AF, Tabs 43 and 44.

Circuit. The paragraphs that follow tell you how and when to file with the Board or the federal court. These instructions are important because if you wish to file a petition, you must file it within the proper time period.

## BOARD REVIEW

You may request Board review of this initial decision by filing a petition for review if you believe that the settlement agreement is unlawful, was involuntary, or was the result of fraud or mutual mistake. Your petition, with supporting evidence and argument, must be filed with:

> The Clerk of the Board
> Merit Systems Protection Board
> 1615 M Street, NW.,
> Washington, DC 20419

A petition for review may be filed by mail, facsimile (fax), personal or commercial delivery, or electronic filing. A petition for review submitted by electronic filing must comply with the requirements of 5 C.F.R. § 1201.14, and may only be accomplished at the Board's e-Appeal website (https://e-appeal.mspb.gov).

If you file a petition for review, the Board will obtain the record in your case from the administrative judge and you should not submit anything to the Board that is already part of the record. Your petition must be filed with the Clerk of the Board no later than the date this initial decision becomes final, or if this initial decision is received by you more than 5 days after the date of issuance, 30 days after the date you actually receive the initial decision. The date of filing by mail is determined by the postmark date. The date of filing by electronic filing is the date of submission. The date of filing by personal delivery is the date on which the Board receives the document. The date of filing by commercial delivery is the date the document was delivered to the commercial delivery service. Your petition may be rejected and returned to you if you fail to provide

a statement of how you served your petition on the other party. *See* 5 C.F.R. § 1201.4(j).

## JUDICIAL REVIEW

If you are dissatisfied with the Board's final decision, you may file a petition with:

The United States Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, NW.<br>
Washington, DC 20439

You may not file your petition with the court before this decision becomes final. To be timely, your petition must be <u>received</u> by the court no later than 60 calendar days after the date this initial decision becomes final.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703). You may read this law, as well as review the Board's regulations and other related material, at our website, http://www.mspb.gov. Additional information is available at the court's website, http://fedcir.gov/contents.html. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's <u>Rules of Practice</u>, and Forms <u>5</u>, <u>6</u>, and <u>11</u>.

## ENFORCEMENT

The settlement agreement has been made part of the record. If you believe there has not been full compliance with the terms of the agreement after this initial decision becomes final, you may ask the Board to enforce the agreement by filing a petition for enforcement with this office.

Your petition for enforcement must describe specifically the reasons why you believe there is noncompliance. It must include the date and results of any communications regarding compliance, and a statement showing that a copy of the petition was either mailed or hand-delivered to the agency.

Any petition for enforcement must be filed within a reasonable period of time after you discover the asserted noncompliance. If you believe that your petition is filed late, you should include a statement and evidence showing good cause for the delay and a request for an extension of time for filing.

## NOTICE TO AGENCY/INTERVENOR

The agency or intervenor may file a petition for review of this initial decision in accordance with the Board's regulations.