# PHILLIP S. WOODRUFF

December 9, 2005

Annette Butler
EEO Counselor
U.S. Merit Systems Protection Board
1615 M Street, NW
Washington, D.C. 20419

*RECEIVED MSPB
'05 DEC 16 PM 3: 10
CLERK OF THE BOARD*

        **RE: *Formal Complaint***

Dear Ms. Butler:

        This in response to your letter of November 29, 2005 informing me that we conducted a final counseling interview on that date. In accordance with the instructions in your letter, this is to exercise my right to file a complaint of discrimination within fifteen (15) calendar days after receipt of your notice.

        I have attempted to contact you by telephone to see if there is a form or specific format for this response but I have been unable to reach you. Consequently, I am responding by way of this narrative letter. If you have a preferred format please forward it to me as indicated in the voice mails I have provided both you and Ms. Sharon Roth.

        In your letter you state that the allegations raised in the informal complaint guide the scope of the formal complaint. Therefore, this report categorically states verbatim all of the claims presented in the Notice of Final Interview. ALJ Michelle Hudson discriminated based on physical disability; failed to keep the verbally agreed upon settlement agreement; inappropriate communications with agency counsel and coercing my signature on the settlement agreement because of Judge and attorney's tight deadlines.

        With regard to documentation supporting my formal complaint, my initial response is perhaps best answered by the cover letter to the Members of the Board dated November 1, 2005 and my MSPB Petition for Review form dated November 2, 2005, along with the attachments. These documents are all on MSPB file. Additional documents are available and I will be pleased to provide them to you.

        Finally, during informal counseling we discussed age discrimination and other matters and issues of continuing concern that are not included in the final interview. I would like assistance in the preparation of a complaint to deal with adding these issues and making any adjustments to this report that would be appropriate. A major concern is that Judge Hudson continues to rule on matters concerning my case. I believe she should be removed from the case immediately.

        Please feel free to contact me. Thank you very much for your assistance.

Sincerely,

Phillip S. Woodruff

/enclosures

**10812 BROOKWOOD AVENUE • UPPER MARLBORO MD 20772**
**TELEPHONE:** ▓▓▓▓▓ **• FAX: 301+856-4636**




# PHILLIP S. WOODRUFF

November 1, 2005

VIA FACSIMILE – (202) 653-7130
U.S. Merit Systems Protection Board
5th Floor Mail Room
1615 M Street, N.W.
Washington, D.C. 20419

### RE: *MSPB Review*

Dear Members of the Board:

I enclose my request for board review. I request that the MSPB Initial Decision be vacated and that the hearing that I originally requested and was denied be rescheduled at an appropriate time before another Judge for the reasons set forth in the attached petition.

Furthermore, the Agency has breached the agreement by not complying with the terms and conditions as set forth in the agreement. This is clearly an intentional act on the part of the Agency and has already had damaging effects on me.

The principal factors that justify my request in overturning the initial decision are:

1.  Procedurally – Accommodations for my disability were denied; Motions were not ruled on; Mixed Complaint/EEO issues not properly handled; MSPB Judge-Agency attorney ex-parte communications; inappropriate language allowed into the agreement; denied time to review agreement; denied rights to have attorney review agreement; MSPB Judge never provided me time to respond to the Agency's changes to the record; and other matters as noted in the petition.

2.  Facts – MSPB Judge denied all request for accommodations for the hearing; Judge minimized my disabilities; Demanded and coerced me to sign agreement without any time to review; allowed Agency to add language which arguably affects other actions, pay, benefits and status which were to be specifically prohibited in the settlement agreement; Violated the Old Age Workers' Act, and other matters as noted in the petition.

10812 BROOKWOOD AVENUE • UPPER MARLBORO MD 20772

TELEPHONE: ████████ • FAX: 301+856-4636

– 2 –                                       November 1, 2005

3.    Evidence – In addition to the record, attachments that support the
      statements made in my petition include my notice to the MSPB Judge
      immediately following the teleconference; letters from the Agency stating
      that I'm still in retirement status; and an affidavit of the person assisting
      me, who was present at the MSPB depositions and the September 21, 2005
      pre-hearing/settlement conference.

4.    Law – In addition to the violations in the MSPB regulations, the Old Age
      Workers Act; the EEO laws regarding discrimination and other laws have
      been violated. Additionally, the ex-parte communications and other acts
      between the Agency and the MSPB Judge, which were to deny me my
      rights and benefits, are unlawful.

5.    Other reasons – There are many other reasons to overturn this decision at
      this stage. I filed an appeal with MSPB for a Mixed Complaint. From the
      beginning I was denied that right. For the various reasons I was led to
      believe that the MSPB would require a fair and proper settlement
      agreement statement…this did not occur. I was again denied rights and
      taken advantage of during this case, in the haste of trying to dispose of this
      case, without regard to fairness or the law.

6.    Relief – The Initial Order should be vacated and the matter should be set
      for full hearing before a different Judge at an appropriate time.
      Alternatively, the settlement agreement can be modified to conform to the
      actual terms of what was specifically agreed to and include the proper
      language that guarantees the protection of the rights promised by MSPB to
      me. I should also be given adequate time, if the settlement agreement is
      modified, to review the agreement myself and to consult with an attorney
      if such language provides.

      For these and other reasons stated in the petition attached, I sincerely request the
MSPB Board review this case and reverse the Initial Order

                                          Respectfully submitted,

                                          Phillip S. Woodruff

/attachments



# U.S. MERIT SYSTEMS PROTECTION BOARD

## APPELLANT'S PETITION FOR REVIEW FORM

### PLEASE COPY THE FOLLOWING FROM YOUR DECISION:

CASE NAME: Phillip S. Woodruff    v. Department of Transportation, FAA
              (Appellant Name)                      (Agency)

Docket No: DC-0752-0599-I-1

Initial or Addendum Decision **Finality** Date: November 2, 2005
(See "Notice to Appellant" section of decision for "finality" date)

### INSTRUCTIONS FOR COMPLETING PETITION FOR REVIEW FORM

The Board may grant your Petition for Review if you show that:

1. the appeal was wrongly decided based on the evidence already in the record;

2. there is new evidence, which was previously unavailable despite your due diligence, that supports a different outcome; or

3. errors in the way the appeals proceeding was handled denied you the opportunity to fairly present your case.

If you decide to file a Petition for Review, you may use this form although you are not required to do so. If you use this form, please read the instructions carefully. Before completing this form, you should read the attached copy of the Board's regulations at 5 C.F.R. § 1201.114 through 5 C.F.R. § 1201.120.

### IT IS IMPORTANT TO FILE YOUR PETITION ON OR BEFORE THE FINALITY DATE IN THE INITIAL OR ADDENDUM DECISION. IF YOU DO NOT, THE BOARD MAY REFUSE TO CONSIDER YOUR PETITION. The date of filing is the date you mail (by U.S. Mail or commercial overnight delivery), fax, or hand-deliver your petition to the Board. If you will be unable to file your Petition for Review by the finality date, you must request an extension of time from the Clerk of the Board BEFORE THE FINALITY DATE. If your Petition for Review is filed after the finality date, you MUST complete Attachment B and submit it with your Petition for Review.

### YOU SHOULD NOT SUBMIT ANY EVIDENCE OR PAPERS THAT WERE SUBMITTED TO THE JUDGE BY YOU, BY YOUR REPRESENTATIVES (IF ANY), OR BY THE AGENCY. The Board will already have that information when it considers your petition.

After you complete this form you should send it, together with any attachments, by mail, personal delivery, fax, or commercial overnight delivery to:

The Clerk of the Board
U.S. Merit Systems Protection Board
5th Floor Mail Room
1615 M Street, NW
Washington, DC 20419

TELEPHONE NUMBER: (202) 653-7200 OR (800) 209-8960
FAX NUMBER: (202) 653-7130

You must also send a copy of the form and all of the attachments to the agency and to any other party listed on Attachment A, Certificate of Service, at the addresses on the certificate. A COMPLETED COPY OF ATTACHMENT A MUST BE SENT TO THE BOARD AND TO EACH PARTY TO WHOM YOU SEND YOUR PETITION FOR REVIEW.

Please answer as many of the following questions as best you can. DO NOT DELAY FILING THIS PETITION BECAUSE YOU CANNOT ANSWER SOME OF THE QUESTIONS. Your answers to these questions will help the Board to decide whether to grant your Petition for Review. You do not have to answer "Yes" to every question for the Board to grant your Petition for Review.

The Board is interested in what you believe were errors that caused an incorrect result in your appeal, or new evidence you have discovered that would lead to a different result. If a particular question does not relate to such matters, feel free to leave it blank. Your answers should refer to the decision of the judge or to specific evidence or documents that were presented to the judge, if possible. **If the administrative judge dismissed your case because of lack of jurisdiction or because your appeal was untimely, you must only address those issues**. The other issues in your case will be addressed later, if the Board rules in your favor on the jurisdiction or timeliness issues. If you do not have enough space on the form to answer a question, or if you use a computer to print your answers, you may attach extra sheets. Please type or clearly print your answers.

NOTE: This form can be downloaded in HTML or PDF format from the Board's Website, which is located at http://www.mspb.gov/foia/forms-pubs/forms-pubs.html. The advantage of using an electronic form is that you are able to fill in the requested information as a regular document on your personal computer (PC). Before you begin answering any of the questions, you should save (download) the file to your PC's C drive. **NOTE:** Once you have completed filling out the form (and have saved it), you still must print out copies, sign the form(s) in the appropriate spaces, and serve the form on the Board and the other party(s) as explained above.

# QUESTIONS

1. Is this petition being filed on or before the decision finality date? (See "Notice to Appellant" section of the Initial or Addendum Decision for "finality" date.)

YES ☑        NO ☐

(IF YOUR ANSWER IS NO, YOU MUST COMPLETE ATTACHMENT B AND RETURN IT WITH THIS FORM.)

2. Have you been denied any procedures during your appeal to the MSPB to which you believe you were entitled? Examples of procedures include holding a hearing, submitting evidence, and calling witnesses. If so, what procedures were denied and why do you believe you were entitled to them? Did you raise this matter with the judge? Please describe how not having this procedure has harmed you.

The agency has breached the agreement. Specifically, the agency was to cancel my retirement, reinstate me to my position and extend my Leave Without Pay until May 8, 2006. They have not complied with the agreement at all.

After finally having the time to review the settlement agreement, I advised Judge Hudson immediately that I was very concerned about this agreement and its affect on my other case and claims.

Due to the procedural errors of the Judge and the actions of the agency, I notified MSPB immediately following receipt of the Initial Order that I wanted to have the settlement agreement withdrawn. I was advised that my only recourse was to file a MSPB review.

Judge Hudson allowed the agency to place language in the settlement agreement that was not required, even though the Judge and the agency said it was required language. This is simply untrue. As a result, this language will indemnify the agency in my other cases.

This case was filed on June 29, 2005 as a mixed complaint, the day after I was notified by the agency of a non-disciplinary termination as of June 30, 2005.

This case involves 1). a removal action, 2). reinstatement claims, and 3). EEO claims of discrimination and reprisal.

From the beginning, Judge Hudson made it very clear that she was going to allow the removal action. The agency was against any of the EEO claims going forward. Judge Hudson never ruled on whether or not the EEO claims would go forward. Judge Hudson always stated that this involved the removal action of June 30, 2005.

I currently have pending a case in the United States Court of Appeals for the District of Columbia as well as two claims in the United States District Court for the District of Columbia. These matters of discrimination and reprisal involve the same agency, agency issues, personnel and the same counsel.

Please see attached....

Question 2 continued

Early on I had a private conversation with Judge Hudson regarding her language and actions towards me during a telephone conversation. She apologized and stated that she was "overworked" and "stressed." However, her behavior continued. I also became aware of Judge Hudson's ex parte communications with agency counsel. An example is a telephone call wherein they thought they had disconnected my line and they continued to discuss the case.

I contacted the MSPB Headquarters regarding a change in Judge. I elected not to do this because the request had to be made to Judge Hudson and due to the delay, cost and prejudice to my case. I chose to try and settle the case amicably and reduce the stress in my life—and move on.

I am totally disabled due to an on-the-job accident. I suffer from partial paralysis, chronic pain, fibromyalgia, myofascial pain syndrome, lumbar spondylosis and sleep apnea. I have multiple bone transplants, orthopaedic hardware and metal implants.

My treatment includes daily physical therapy and medication that I do in the morning and then rest. I also receive specialized treatments, at least monthly, from my physician at Johns Hopkins Hospital. And I see other physicians for evaluation and treatment on a regular basis.

I requested immediately that Judge Hudson grant an afternoon hearing time. Judge Hudson refused. In fact she stated that it would not hurt for me to "skip" my medications and treatment. I offered to spend the night before the MSPB hearing in the area, but I still would require an early afternoon start time for the hearing. She still refused. She stated that I could have a decision made on the written record or have a hearing by a telephone conference at 11 a.m. This however would not allow me my day in court.

As part of the discovery process, I requested the depositions of certain witnesses as well as documents. The agency refused to produce these witnesses stating they had nothing to do with my removal action. (I learned through deposition testimony later that this was not true and in fact these persons were well aware and involved.) The Judge never ruled on my Motions to Compel regarding the depositions. Judge Hudson limited my records and documents requests. I noted that the agency STILL did not comply in another Motion to Compel. Judge Hudson never ruled on this Motion either.

A telephone pre-hearing conference was held on September 21, 2005 at 11 a.m. (I had requested an early afternoon time but I was denied this accommodation request.) The Judge's Order noted that everyone needed for settlement discussions must be available at the time of the conference. The agency did not comply. The agency kept stating that they had to speak to management about the settlement discussions. Judge Hudson allowed the agency numerous periods of time during the day for this to occur. The agency received all of the time that they requested from Judge Hudson. Again, according to agency counsel, their representatives were not at the telephone conference as required by the order.

<u>Question 2 (2 of 3)</u>

At the outset of the conference, Judge Hudson stated very clearly that she was very busy and had NO time and that this case had to be settled THAT day or move on to a hearing. In addition, Judge Hudson stated that she was not in the office nor did she have the file with her.

Judge Hudson stated that the removal action was the ONLY issue being addressed and that no other issue in the MSPB complaint was being addressed.

Judge Hudson required the agency counsel to take notes of the conference and that they were to send me a copy. I was then to be given until September 23rd to review and make any changes. This never occurred. The agency never produced a complete record of the meeting -- however, I did send my summary of the teleconference to Judge Hudson.

Again, during the conference, the agency agreed to the settlement regarding the REMOVAL action in that they would cancel the removal action, extend my LWOP until May 8, 2006. The agency also agreed to cancel my retirement and reinstate me in my position immediately, with all required administrative action for pay, benefits and status as a GM-15 division manager.

Judge Hudson made it VERY clear during the discussions that this settlement involved the REMOVAL action ONLY and no other claims in the MSPB complaint or any other action I had in process or may have in the future.

However, when the agency came back with a written draft of the settlement agreement, the agency included the EEO claims of discrimination and reprisal, and included ambiguous language that I feel could affect my claims and other pending cases. I voiced my concerns immediately. (Judge Hudson stated that the agency had to put this language in the agreement.) I again stated, to clarify the record, that this settlement ONLY involved the removal action. Judge Hudson agreed and advised the agency to state that it was the removal action only. The agency put in one sentence to that affect but did NOT change the other language that involved the indemnity for other claims including damages, reinstatement, discrimination and reprisal actions.

The agency also added language at the end of the agreement stating that I had 21 days for an attorney to review the settlement agreement. When I asked about having an attorney review this agreement, both Judge Hudson and the agency denied I was allowed this. Judge Hudson stated that since I was a pro se plaintiff, I had no rights to an attorney for review. Judge Hudson throughout the day stated that she had no more time for this case and it had to be settled "TODAY." That I had to accept the settlement agreement as it was written that day. I was given only 20 minutes to review this agreement. I had no opportunity to thoroughly review the agreement or have an attorney review the agreement. I felt pressured to agree to the settlement agreement.

Question 2 (3 of 3)

The Judge requested that the agency prepare the settlement agreement for signature and she would call back at 3:45 p.m.

Judge Hudson called back at 3:55 p.m. that afternoon. Agency counsel stated that she had a car pool to catch at 4:00 p.m. The agency's settlement agreement was just coming over the fax machine. I advised Judge Hudson of such and she said to get it off the machine and read it as it was coming off the machine, sign it and fax it IMMEDIATELY back to the agency. I AGAIN requested time to review the settlement agreement overnight as the agency attorney would not be available to have it signed until the next day anyway. Judge Hudson said I had to sign it IMMEDIATELY. I felt that if I did not sign the agreement, Judge Hudson would dismiss my case with prejudice.

That evening I reviewed in depth the settlement agreement. I was alarmed as the language that Judge Hudson allowed in the agreement was clearly ambiguous and there was also language that clearly affected my other cases. In addition, Judge Hudson allowed the agency to put in language defeating the EEO claims of the mixed complaint that Judge Hudson had stated from the beginning of this claim were NOT to be a part of the case. She would only allow the removal action. This did not occur. I realized that I possibly had signed away my rights to pursue these claims. Upon additional review, I also learned that the Old Age Act, as cited in the agreement, clearly allows me 21 days to review or have an attorney review the settlement agreement.

I feel that that I was forced and coerced into signing this settlement agreement. I may have inadvertently waived some or all of my claims and rights in my ongoing cases and EEO complaint that are currently pending, although Judge Hudson stated that MSPB will enforce the agreement to apply only to the removal action of June 30, 2005 and not the other issues in the MSPB complaint.

The next day, September 22nd, I sent to Judge Hudson a letter, copying the agency, regarding my concerns about the settlement agreement, and my summary of the telephone conference. Instead of responding to me, Judge Hudson contacted agency counsel. Agency counsel then responded with her own summary on September 28th. Judge Hudson signed the Order on September 28th accepting the Agency's summary of events as true and placing this summary as part of the Order. I never had a chance to respond to the agency's mischaracterizations of the conference. I notified MSPB immediately that I wanted to have the settlement agreement withdrawn. I was advised that my only recourse was to file a MSPB review.

I have continued to try and resolve this issue with the agency outside of MSPB. The agency drafted a modified settlement agreement, however it continues to include ambiguous language. It also continues to contain language that would affect my other claims and cases.

At this time, the agency has breached the settlement agreement.

3.  Do you have any documents or evidence that are important to your appeal that were not filed with the judge before the record closed? If so, you should attach these documents and evidence. Explain why you did not submit these documents or evidence to the judge, and why it is important for the Board to consider them. Explain why you believe that these documents and evidence should change the result in your case. (The Board will not normally consider documents or evidence which were not submitted to the judge unless you can show that the evidence did not exist before the record closed or that you could not have been reasonably expected to have found the evidence before the record closed.)

MSPB Complaint filed on June 29, 2005

Judge Hudson's Order of September 28, 2005

Summary of teleconference

Settlement letters between myself and agency counsel

Documents from MSPB regarding change in Judge due to denial of accommodations

Retirement benefits letter from Ms. Barbara Williams

My statements regarding settlement offer at my deposition

Affidavit of Mary Schoenfuhs. Ms. Schoenfuhs is a paralegal and has assisted me with this case. She was present at the depositions and at the pre-hearing conference. She took notes of the pre-hearing conference

4.  Did the initial or addendum decision incorrectly decide any important facts or fail to consider any important facts that were presented to the judge? If so, describe what important facts were incorrectly decided or were not considered. Explain why that should change the result in your case.

Yes.  The initial decision was incorrectly decided because the settlement agreement was only to involve the removal action of June 30, 2005. The Judge made it clear during the teleconference that this was the only matter being settled.

The Initial Order includes language placed by the agency, and that Judge Hudson had noted during the teleconference was to be removed. This language suggests that I am waiving all my rights to pursue issues I have raised in my other EEO claim and other Federal court cases. This language incorrectly reflects what was said during the September 21, 2005 pre-hearing telephone conference.

In the Initial Order, the Judge overrides my concerns and has favored the Agency's comments, thus conflicting what was stated during the teleconference. The settlement agreement should accurately reflect the actual agreement made. Otherwise the MSPB Board has false information for enforcement.

The agency added additional stipulation and language, which the MSPB Judge stated was not to affect anything else--or decide any other issues. However, this language is clearly ambiguous and does affect many other issues regarding disability discrimination, age, reprisal, benefits and status.

Please see attached.

Question No. 4 continued

Judge Hudson clearly noted throughout the teleconference that she was on a tight schedule, that she had no more time to work on this case, she had two more hearings in the next two weeks, etc., and that I was required to "take it or leave it now" without the option to review the agreement or to have an attorney review, or to have the paragraphs of concern clarified in writing.

Judge Hudson stated that she would enforce only the removal issues. The written order states the contrary and must be corrected. I accepted the Judge's statements that I was not entitled to legal review of the settlement agreement; that I was required to sign and return it immediately or lose the hearing and the case.

5.  Did the initial or addendum decision apply the wrong law or apply the law incorrectly? If so, what law should be applied and how?  For example, did the decision fail to properly consider a specific law or regulation or another case that has been decided by a court or by the Board? If you answer "Yes," your explanation should refer to the specific law, regulation, or case. Explain how application of the right law should change the result in your case.

Yes. I should have been allowed, pursuant to the Old Age Act, up to 21 days for review by an attorney. This would have allowed me to review the agreement in depth, or to have counsel review it, to ensure that my rights, benefits and other claims were appropriately protected.  Had I had time to review this agreement, I would not have signed it.

The ex-parte communications between Judge Hudson and the agency's counsel was inappropriate.

6.  Are there other reasons why the initial or addendum decision was wrong? If so, what are those reasons?

It is clear that Judge Hudson was on a time constraint and rushed to have this matter concluded as quickly as possible.  As a result, I was not given a fair opportunity to have a settlement agreement reviewed for my protection.

The Merit Systems Protection Board is an independent quasi-judicial agency established to protect Federal merit systems against partisan political and other prohibited personnel practices and to ensure adequate protection for employees agianst abuses by agency management.

I was denied accommodaitons for disabilities under the ADA/Rehabilitation Act

Violation of EEO Laws – discrimination based on disability, age, etc.

7. What action (relief or remedy) do you want the Merit Systems Protection Board to order in this case? Why do you believe that you are entitled to this relief or remedy?

I request that the MSPB re-open the matter for modification and clarification of the language in the settlement agreement on the terms and conditions outlined in the pre-hearing conference as this was the basis of the MSBP settlement.

As of this date, the agency has failed to comply with any aspect of the agreement as signed.

I request that the case be reopened for further settlement discussions with a new Administrative Law Judge.

I request that time be given to review any and all changes to any settlement agreement.

Alternatively, the Appellant requests that the Board REVERSE the dismissal of this case, vacate the settlement agreement and reschedule the matter for a hearing in the afternoon as an accommodation for the Appellant's disability as originally requested.

_____

**Signature of Appellant or Non-Attorney Representative**

DATE: November 1, 2005

**Name of Appellant or Representative (Typed or Printed)**

Phillip S. Woodruff

Address

10812 Brookwood Avenue
Upper Marlboro, MD  20772

Telephone Number [redacted]
Fax Number (301) 856-4636

**Attachment A**

## YOU MUST COMPLETE THIS FORM AND SUBMIT IT WITH YOUR PETITION FOR REVIEW FORM.

### CERTIFICATE OF SERVICE

I hereby **CERTIFY** that a copy of my Petition for Review and attachments was sent by: (select one)

[✓] U.S. Mail    [✓] FAX    [ ] Personal delivery    [ ] Commercial overnight delivery

Other [                                                                ]

to each of the following on [November 1, 2005    ] (Date). If there is more than one name listed below and you used different type of delivery, please write the type used next to each name.

Office of the Clerk
US Merit Systems Protection Board
1615 M Street, NW, 5th Floor Mail Room
Washington, DC 20419

**AGENCY REPRESENTATIVE (Name and Address) Type of Delivery:**
Name: [Alexandra Randazzo, Esquire                                    ]
Agency Name: [                                                        ]
Agency Address: [600 Independence Avenue, N.W.
First Floor                                                          ]
City, State, Zip: [Washington, D.C. 20591                            ]

**OTHER PARTIES (IF THERE ARE ANY) Type of Delivery:**
Name: [                                                              ]
Name/Title: [                                                        ]
Address: [                                                           ]
City, State, Zip: [                                                  ]

Name: [                                                              ]
Name/Title: [                                                        ]
Address: [                                                           ]
City, State, Zip: [                                                  ]

_____
(Signature)




# PHILLIP  S.  WOODRUFF

## FAX

| TO: Hon. MICHELLE HUDSON, MSPB | FROM: PHIL WOODRUFF |
|---|---|
| DATE: September 22, 2005 | PAGES: COVER + 3 |
| FAX NUMBER: (703) 756-7112 | FAX NUMBER: 301 + 856-4636 |
| TELEPHONE NUMBER: | TELEPHONE NUMBER: 301 + 868-9383 |

RE:  SETTLEMENT CONFERENCE + AGREEMENT of 9/21/05

☐ URGENT   ☒ INFORMATION   ☐ PLEASE COMMENT   ☐ PLEASE REPLY

MESSAGE:   "WOODRUFF v. DOE  CASE No. DC-0752-05-0599-101

JUDGE HUDSON —
   THANK YOU FOR CLARIFYING THIS ISSUE AS THERE
IS SOME AMBIGUITY IN THE LANGUAGE PREPARED BY
THE AGENCY.  I DO NOT WANT THIS TO INTERFERE
WITH MY OTHER CLAIMS, AS THEY MAY ALSO BE
SETTLED — AS LONG AS MY CLAIMS ARE NOT WAIVED
OR RELEASED  BY THIS MSPB AGREEMENT.

                                          SINCERELY,

18812 BROOKWOOD AVENUE ◉ UPPER MARLBORO ◉ MARYLAND 20772

# PHILLIP S. WOODRUFF

September 22, 2005

**VIA FACSIMILE – 703-756-7112**
Honorable Michelle M. Hudson
Administrative Judge
Washington Regional Office
1800 Diagonal Road, Suite 205
Alexandria, VA 22314-2840

### RE: *Woodruff v. DOT – Settlement Agreement and Pre-hearing Conference*
### *Case No: DC-0752-05-0599-101*

Dear Judge Hudson:

Following our teleconference yesterday, September 21, 2005, I signed the settlement agreement and faxed it immediately to the Agency, to Ms. Randazzo's attention as you ordered.

This afternoon I am in receipt of a facsimile of the Agency's signed copy as well as a summary of the telephonic pre-hearing conference prepared by Ms. Randazzo.

Because of the extraordinary importance and crucial nature of the language in the settlement agreement, I am providing this letter for the record to confirm your interpretation and understanding of the settlement agreement and the teleconference.

Specifically as it relates to waivers and discharges in connection with existing administrative complaints and/or district court actions, it was your decision that I was not waiving the right to continue all claims and matters except the matter of removal. In other words, by signing the agreement, I have agreed to withdraw the MSPB appeal and foreclose further litigation on the matter of removal only. However I am not barred, as I understand it, and which I believe you confirmed during the teleconference, continuing my claims for other matters that are already in litigation and may have been raised in the MSPB appeal. (Reference Settlement Agreement paragraphs 8 and 16.)

Attached is a brief summary of my notes of the pre-hearing teleconference of September 21, 2005.

Sincerely,

Phillip S. Woodruff

cc: Alexandra Randazzo
/attachment
PSW:me:

10812 BROOKWOOD AVENUE • UPPER MARLBORO, MD 20772
TELEPHONE: ▮▮▮▮▮▮▮▮ • FAX: 301+856-4636

MSPB
BRIEF SUMMARY OF PRE-HEARING TELECONFERENCE
RE: *Woodruff v. DOT*
September 21, 2005


11 a.m. – Judge Hudson called Mr. Woodruff and subsequently teleconferenced
Ms. Randazzo. Judge Hudson specified the rules for the teleconference.
The first order of business was settlement. A tentative settlement
agreement was reached, however, Agency management with the
requisite authority to approve the settlement were not present. Judge
Hudson allowed Ms. Randazzo thirty minutes to check with Agency
officials regarding the agreement. The teleconference ended at 11:30
a.m.

12:10 p.m. – Judge Hudson called back with Ms. Randazzo on the line. Ms.
Randazzo had checked with the Agency management and requested
additional changes to the Agreement and additional stipulations. Mr.
Woodruff addressed specific concerns regarding the language in
paragraphs 8 and 16. Judge Hudson specifically stated that Mr.
Woodruff's waivers and release were only for the removal action before
the MSPB and dictated that the Agency correct the language accordingly
in paragraphs 8 and 16 in order that it would have no impact on existing
administrative and/or district court litigation or other matters. Ms.
Randazzo was given until 2:30 p.m. to prepare the revised settlement
agreement and fax to Mr. Woodruff. Mr. Woodruff was to be prepared
to respond by 2:45 p.m.

2:45 p.m. – Judge Hudson called Mr. Woodruff regarding the revised settlement
agreement. Mr. Woodruff explained that he had just received the 7-page
facsimile and was still reviewing it. Judge Hudson granted him twenty
minutes to review the agreement.

3:05 p.m.- Judge Hudson called Mr. Woodruff and Ms. Randazzo was connected.
The details of the settlement agreement were discussed. Additional
changes were made, and additional discussions were held regarding
paragraphs 8 and 16 regarding waivers and releases. Again, Judge
Hudson confirmed that Mr. Woodruff was not waiving any right except
the non-disciplinary removal action by the Agency that was before the
MSPB. Judge Hudson dictated some change to the agreement and Ms.
Randazzo was making the changes to fax them immediately to Mr.
Woodruff. Mr. Woodruff inquired about the 21 days to consider the
agreement and was advised this was not available for this settlement
agreement. The call ended at approximately 3:40 p.m. Judge Hudson
stated that she would call back shortly.



3:55 p.m.- Judge Hudson called again with Ms. Randazzo asking Mr. Woodruff if he had received the revised agreement. Mr. Woodruff advised that it was just coming over the fax. Judge Hudson asked him to read it as it was coming over. Mr. Woodruff read the changes as the fax arrived. Ms. Randazzo was late for a car pool and advised that she had to leave at 4:00 p.m. Mr. Woodruff again expressed his concern about paragraphs 8 and 16 and was assured again that this would no way impact his other cases. Judge Hudson ordered Mr. Woodruff to sign the document if he wanted to accept the agreement and fax them immediately to the Agency. The documents were signed and faxed to the Agency.

This summary is provided for the record in order to avoid any misunderstandings or confusion regarding any future interpretations of the agreement that may be necessary.

Respectfully submitted,

Phillip S. Woodruff

PSW/mas

PAGE  82

# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD
### WASHINGTON REGIONAL OFFICE

PHILLIP S. WOODRUFF,
*Appellant,*

v.

DEPARTMENT OF TRANSPORTATION,
Agency.

DOCKET NUMBER
DC-0752-05-0599-I-1

Date:   September 22, 2005

## SUMMARY OF TELEPHONIC PREHEARING CONFERENCE

A telephonic prehearing conference in the above-captioned appeal was held on September 21, 2005, by Judge Michelle Hudson. The following individuals were present during the telephonic prehearing conference: Phillip Woodruff (Appellant), Candide Cavanagh, the Agency's technical representative, Judge Hudson, and myself, Agency Counsel on the appeal. During the pre-hearing conference, the parties reached a settlement of the MSPB appeal. The Agency counsel drafted the settlement agreement, which was sent to Appellant for his review and questions. Judge Hudson reviewed the language of the settlement agreement with the parties to make sure the Appellant understood the provisions of the settlement agreement. As a result, the parties made changes to some of the provisions of the final settlement agreement. When the final settlement agreement was sent to Appellant, Judge Hudson asked Appellant whether he understood all the terms of the settlement agreement and voluntarily accepted it. In response, Appellant said that he did and would sign and fax it to the Agency. Judge Hudson ordered the Agency to fax the fully executed agreement by noon, September 22, 20005.

Respectfully submitted,

Alexandra K. Randazzo
Agency Counsel



U.S. Department
of Transportation

Federal Aviation
Administration

800 Independence Ave., S.W.
Washington, DC 20591

By Facsimile 301-836-4636

September 28, 2005

Phillip Woodruff
10812 Brookwood Avenue
Upper Marlboro, MD 20772

Re:     Phillip Woodruff v. Department of Transportation
        Docket No. DC-0752-05-0599-I-1

Dear Mr. Woodruff:

On September 22, 2005, you sent correspondence, via facsimile, to Judge Hudson regarding the Settlement Agreement reached the day before.  On that day, since the Settlement Agreement was reached between the Agency and yourself, Judge Hudson requested that I respond to the issues you raised.  Yesterday, I received the correspondence by facsimile that you had sent Judge Hudson on September 22, in order for me to respond.

In the correspondence, you indicate that it is your understanding that you were agreeing to withdraw the MSPB appeal and foreclose further litigation on the matter of removal only, and that you were not waiving any rights in connection to other matters that you have pending.  As provided by the Settlement Agreement, the Agency has agreed that you are not waiving any rights in connection to your administrative complaints of discrimination and/or district court actions arising out of those complaints of discrimination.  However, you have waived any rights to raise claims in connection to the removal action in connection to any of pending administrative and/or district court actions.  See Settlement Agreement, Paragraph 8.

With respect to the "Brief Summary of Pre-hearing Teleconference" that you provided with your correspondence to Judge Hudson, I disagree with the time frame and some of the statements you have made.  For the record, as this matter is settled, I provide the following corrections:

    11 a.m.: No tentative settlement was reached at that time.  As noted by you, I had to contact the management official with authority to settle to obtain approval for the settlement demands made by you.

12:10 p.m.: At that time, I advised that management was willing to settle the matter with an additional clause. Since you were amenable to the additional clause, I was ordered to draft the settlement agreement by 2:30 p.m. and fax it to you. Since I had not drafted the settlement agreement yet, there were no discussions regarding paragraphs 8 and 16.

3:05 p.m.: At that time, after you were given time to review the draft settlement agreement faxed to you around 2:25 p.m., discussions regarding paragraph 8 and 16 occurred. As a result of those discussions, and since I, on behalf of the Agency, agreed that you were not waiving any rights in connection to your administrative complaints of discrimination and/or district court actions arise out of those complaints of discrimination, language reflecting that fact was added to paragraph 8. You did inquire regarding the 21 days to consider the agreement as set forth in paragraph 16. However, you were not advised that it was not available for the settlement agreement. As indicated by the settlement agreement, it was your choice: "Should Appellant sign this Agreement before the twenty-one (21) calendar day time period has expired, Appellant attests that Appellant's decision to accept such shortening of this period is knowing and voluntary, and was not induced by the Agency through fraud, misrepresentation, and/or threat to withdraw or alter the terms of the Agreement." During the call, I made the necessary changes to the agreement and faxed it to you, as directed, to review.

I have no other corrections for the record. Thank you for your attention to this matter.

Sincerely,

Alexandra R. Rendajus
Agency Representative

Federal Aviation Administration
Office of Chief Counsel
Personnel & Labor Law Staff
600 Independence Avenue, SW
Suite 1E100
Washington, DC 20591

cc:     Judge Michelle Hudson
        (By Facsimile: 703-756-7112)



U.S. Department
of Transportation
Federal Aviation
Administration

Director, Office of Labor and
Employee Relations

800 Independence Ave., SW.
Washington. DC 20591

October 19, 2005

Phillip S Woodruff
10812 Brookwood Ave.,
Upper Marlboro, MD 20772

Dear Mr. Woodruff:

Per your request, enclosed is the **estimate** of retirement
annuity for May 6, 2006.  Please be mindful that you
retired on June 30, 2005, since you retired the FAA has
migrated to a new payroll system FPPS.   Our new payroll
office is under the Department of Interior as of
October 16, 2005.

Information to calculate your request is from our old
system IPPS.  The salary and high-3 **may not be current.**
A more accurate **estimate** can be prepared once we have
fully migrated to the new payroll system sometime in late
January 2006.

Should you have questions, you may contact me Monday
through Thursday on 202-267-3873.

Sincerely,

Barbara Williams

Barbara Williams
Personnel Management Specialist,
  AHL-100

Enclosure

# PHILLIP S. WOODRUFF

October 20, 2005

**VIA FACSIMILE**
Alexandra R. Randazzo, Esq.
Office of the Chief Counsel – AGC-30
600 Independence Avenue, S.W.
First Floor
Washington, D.C. 20591



*RE: Woodruff v. DOT – Settlement Agreement, MSPB Order and Petition*

Dear Ms. Randazzo:

This is a follow-up to our recent telephone conversation regarding the MSPB Order and the Settlement Agreement. You requested that I provide you with a written summary of my concerns. This letter is in response that request.

Among my chief concerns is the fact that Judge Hudson accepted for the record your letter of September 28, 2005 and allowed your statements to correct and override my concerns and statements expressed immediately following the teleconference in my submission to the MSPB on September 22, 2005.

Because I was not given the opportunity to respond to your statements, or to the Judge, the only opportunity available to me to correct the record seems to be a petition to the full Board.

Otherwise, the final record will, as I interpret it, leave to question certain facts that were clearly agreed to in the teleconference but which remain ambiguous at best in the settlement agreement. These are:

1. At the beginning of the teleconference Judge Hudson stated that you while you were to take the official notes that I would have up until the September 23, 2005 to respond. I did respond on September 22, 2005.

2. Judge Hudson did not respond to me but rather contacted you for a response and then accepted your response and allowed it to overrule anything that I had stated.

3. Clearly I requested and was denied the 21 days to review the agreement with an attorney. I was told that this option was not available to me if I wanted the settlement agreement. Judge Hudson did not have any more time. I did not waive this right voluntarily—it was: "take it now or leave it." This can be testified to by Ms. Schoenfuhs who was present at the teleconference.

16812 BROOKWOOD AVENUE • UPPER MARLBORO MD 20772
TELPHONE: 3▓▓▓▓▓▓▓ • FAX: 301÷856-4636



– 2 –                                                        October 20, 2005

4.  Judge Hudson specifically stated that the waivers and releases were only for the current removal action before the MSPB. Yet the language in the settlement agreement is ambiguous. Based on our recent discussion it seems that you have a broader interpretation of the applicability of Paragraphs 8 and 16 (and probably 7) then stated and intended by Judge Hudson or agreed to by me.

5.  The agency has shown no further interest in settlement discussions on any of the other matters. This in an indication to me that they are possibly relying on language in this agreement to indemnify the agency further. This was certainly a point that Judge Hudson made unequivocally clear in her statements yet was made ambiguous in the settlement agreement.

6.  Although I have made several inquiries and complied with all terms of the agreement, and you have personally assisted to the best of my knowledge, the agency--specifically AHR—has not responded to the numerous requests.

7.  The agency has not withdrawn the retirement. OPM, as of October 19, 2005, was actively processing my retirement.

8.  The agency has not reinstated me to my position.

9.  The agency has not provided me with a retirement estimate. I have been notified that based on your request I will receive one, although it will be inaccurate. And a new estimate will not be available until next year.

10. I have not received any SF50s.

Ms. Randazzo, I appreciate your cooperation in the past and I am sincere about wanting to have a good mutually beneficial relationship and settlement agreement on all issues.

I ask that you review this correspondence and contact me within 24 hours to discuss what you think may be an alternative to having the MSPB Board review this matter.

                                        Sincerely,

                                        Phillip S. Woodruff

PSW/mes



PERSONNEL & LABOR LAW STAFF (AGC-30)
OFFICE OF THE CHIEF COUNSEL
FEDERAL AVIATION ADMINISTRATION
800 Independence Avenue, SW, FOB10B, 1st Floor
Washington, DC 20591

DATE:      October 21, 2005

TO:        Phillip Woodruff
TEL. NO.:  301-868-9383
Fax No.:   301-856-4636

FROM:   Alexandra R. Randazzo, Esq.

TEL. NO.  202-385-8239

FAX NO. 202-493-5085

NO. PAGES (including cover sheet):  2

RE:     Phillip Woodruff v. DOT,
        Docket No. DC-0752-05-0599-I-1

Comment: Response to October 20, 2005, correspondence.

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the U.S. Postal Service. Thank you.



U.S. Department
of Transportation

Federal Aviation
Administration

800 Independence Ave., SW.
Washington, DC 20591

**By Facsimile: 301-856-4636**

October 21, 2005

Phillip Woodruff
10812 Brookwood Avenue
Upper Marlboro, MD 20772

       Re:    Phillip Woodruff v. Department of Transportation
                 Docket No. DC-0752-05-0599-I-1

Dear Mr. Woodruff:

I am in receipt of your October 20, 2005, letter. Your main concern is that you believe that the language contained in the settlement agreement reached in the above-referenced matter is ambiguous and does not assure you that you have not waived or released your right in connection to other complaints you currently have pending, other than the MSPB removal action.

Although I do not believe the settlement agreement is ambiguous, I think this issue could be resolved if the parties entered into a modification of the settlement agreement identifying which pending complaints and/or cases you did not waive in connection to the MSPB settlement agreement. I will draft the modification of the settlement agreement early next week, get the necessary approvals, and send it out to you for review. If this is acceptable to you, let me know.

Thank you for your attention to this matter.

Sincerely,

Alexandra R. Randazzo
Agency Representative

Federal Aviation Administration
Office of Chief Counsel
Personnel & Labor Law Staff
600 Independence Avenue, SW
Suite 1E100
Washington, DC 20591

**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**WASHINGTON REGIONAL OFFICE**

| | | |
|---|---|---|
| PHILLIP S. WOODRUFF, | ) | Merit Systems Protection Board |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Docket No.: DC-0752-05-0599-101 |
| | ) | |
| DEPARTMENT OF TRANSPORTATION | ) | October 30, 2005 |
| | ) | |
| Agency. | ) | |
| | ) | |
| | ) | |
| | ) | |

AFFIDAVIT OF MARY E. SCHOENFUHS

I Mary E. Schoenfuhs voluntarily and knowingly make the following statements.

1.    I am a Paralegal with over 20 years of experience.

2.    As a Paralegal, I have assisted Phillip S. Woodruff with his case.  I have assisted with preparation of pleadings, letters and research.

3.    I was present during the depositions of agency witnesses.

4.    I was present during the pre-hearing telephone conference of September 21, 2005 and took notes of this conference.

5.    I have not given Phillip S. Woodruff any legal advice.

I declare under penalty of perjury that the aforementioned statements are true.

_October 30, 2005_
Date

_Mary E. Schoenfuhs_
Mary E. Schoenfuhs