

# U.S. MERIT SYSTEMS PROTECTION BOARD

**Office of Equal Employment Opportunity**
**1615 M Street, NW**
**Washington, DC 20419-0002**

Phone: (202) 653-6772 ; Fax: (202) 653-7211; E-Mail: sharon.roth@mspb.gov

**Acting Director**

January 12, 2006

Phillip S. Woodruff
10812 Brookwood Avenue
Upper Marlboro, MD 20772

Dear Mr. Woodruff:

This letter acknowledges our receipt of your discrimination complaint postmarked December 10, 2005, and notification that your discrimination complaint (**EE-01-06**) has been dismissed.

Based on the information in your formal complaint and the information you communicated during your counseling, it appears that you are alleging that the MSPB Administrative Judge assigned to your MSPB appeal of your removal discriminated against you because of your age and disability. In your formal complaint, you also allege that the Administrative Judge committed several violations of your rights—including those under MSPB regulations, EEO laws, and the "Old Age Workers Act"—in adjudicating your case against the Department of Transportation, Federal Aviation Administration, MSPB Docket Number DC-0752-0599-I-1.

Your formal complaint did not specify your age, but did make repeated references to the Old Age Worker's Act in connection with your settlement agreement. We interpret your claim as alleging a violation of the Age Discrimination in Employment Act of 1967 (ADEA) as modified by the Older Workers Benefit Protection Act of 1990 (OWBPA), 29 U.S.C. § 626 which protects individuals over the age of 40 and sets forth the conditions that must be met for a waiver of rights and claims under the statute to be "knowing and voluntary." We therefore conclude that you are claiming the alleged discrimination occurred because you are 40 years of age, or older. You also did not specify the disability which you believe was the basis of the alleged discrimination. However, the copy of your Petition for Review (PFR) attached to your formal complaint makes references to "partial paralysis, chronic pain, fibromyalgia, myofascial pain syndrome, lumbar spondylosis and sleep apnea." We therefore conclude you are claiming that the alleged disability discrimination was based on one or more of these medical conditions.

This correspondence is the FINAL DECISION of the MSPB dismissing your complaint of discrimination referenced above.



### I. Issue: Whether the MSPB should dismiss your formal complaint, EE-01-06, for failure to state a claim.

a. Under 29 C.F.R. § 1614.107, the agency shall dismiss a complaint if it fails to state a claim under 29 C.F.R. § 1614.103. Claims of discrimination based upon age or handicap are processed in accordance with 29 C.F.R. § 1614.103. In order to recognize a claim under this part, the claim must concern an employment policy or practice which affects the individual in his or her capacity as an employee or applicant for employment. An agency must accept and process a complaint from any aggrieved employee or applicant who believes that he or she has been discriminated against by that agency. The Commission defines an "aggrieved employee" as one who suffers a present harm or loss with respect to a term, condition, or privilege of employment for which there is a remedy. *Diaz v. Department of the Air Force*, EEOC Request No. 05931049 (April 21, 1994).

b. Under 29 U.S.C. § 794, no individual with a disability shall, by reason of that disability, be denied access to a Federal program or activity. MSPB regulations regarding enforcement of this right are set out at 5 CFR, Part 1207. They state, in part, that:

> (1) When a party to a case pending before any of the Board's judges believes he or she has been subjected to discrimination on the basis of disability in the adjudication of the case, the party may raise the allegation in a pleading filed with the judge and served on all other parties in accordance with 5 C.F.R. § 1201.26(b)(2).

> (2) An allegation of discrimination in the adjudication of a Board case must be raised within 10 days of the alleged act of discrimination or within 10 days from the date the complainant should reasonably have known of the alleged discrimination. If the complainant does not submit a complaint within that time period, it will be dismissed as untimely filed unless a good reason for the delay is shown.

> (3) The judge to whom the case is assigned shall decide the merits of any timely allegation that is raised at this stage of adjudication, and shall make findings and conclusions regarding the allegation either in an interim order or in the initial decision, recommended decision, or recommendation. Any request for reconsideration of the administrative judge's decision on the disability discrimination claim must be filed in accordance with the requirements of 5 CFR 1201.114 and 1201.115.

> (4) If the judge to whom the case was assigned has issued the initial decision, recommended decision, or recommendation by the time the party learns of the alleged discrimination, the party may raise the allegation in a petition for review, cross petition for review, or response to the petition or cross petition.

> (5) The Board shall decide the merits of any timely allegation that is raised at this stage of adjudication in a final decision.

**II. Background: You are not an employee of the U.S. Merit Systems Protection Board, and your claims concern the adjudication/settlement of a case.**

Your relationship to the MSPB has been as an appellant. You are not, and have not been, an employee of this agency. Your complaint made no claims that you are, or have ever been, an applicant for employment with the MSPB.

Your complaint and incorporated documents allege that the administrative judge assigned to your MSPB appeal denied your request for accommodations for the hearing and minimized your disabilities; "failed to keep the verbally agreed upon settlement agreement; [had] inappropriate communications with agency counsel and coerce[ed] my signature on the settlement agreement because of Judge and attorney's tight deadlines." You also noted in your letter to the EEO Counselor, dated December 9, 2005, that "with regard to documentation supporting my formal complaint, my initial response is perhaps best answered by the cover letter to the Members of the Board dated November 1, 2005 and my MSPB Petition for Review form dated November 2, 2005, along with the attachments."

**III. Discussion:**

As stated above, 29 C.F.R. § 1614.107 instructs an agency to dismiss a complaint if it fails to state a claim under 29 C.F.R. § 1614.103. Because you are not an employee or applicant for employment of the MSPB your claims of discrimination under part 1614 must be dismissed. *See Gryder v. Merit Systems Protection Board*, Appeal No. 01997117 (January 19, 2001) (MSPB appellant who was neither an employee of MSPB nor an applicant for employment with the MSPB lacked standing to bring an EEO complaint based on race, age, religion, sex, color and reprisal against the MSPB).

Also at issue is whether your claim may be accepted under agency regulations for access to Federal programs. The program at issue is adjudication. The EEOC has held that an individual may not use the EEO complaint process to lodge a collateral attack on another proceeding. *See Gryder supra; Wills v. Department of Defense*, EEOC Request No. 05970596 (July 30, 1998); *Kleinman v. United States Postal Service*, EEOC Request No. 05940585 (September 22, 1994); and *Lingad v. United States Postal Service*, EEOC Request No. 05930106 (June 24, 1993). The rule applies whether or not the complaint alleges a violation of 29 U.S.C. § 794 in the adjudicative process. The proper forum in which to raise challenges to actions that occurred during an MSPB proceeding is within the MSPB's process itself. *See Holland v. U.S. Postal Service*, EEOC No. 01A55154 (December. 16, 2005). Accordingly, your potential claim under 29 U.S.C. § 794 must be dismissed.

The remaining issue is your claim that you were given insufficient time to review the settlement agreement in violation of "the Old Age Worker's Act." This argument is a challenge to the validity of the settlement agreement and is one more properly presented to the Board in a petition for review. *See, e.g., McKinney v. Department of Agriculture,*

Phillip Woodruff
Page 4 of 5

70 M.S.P.R.165, 166-67 (1996). The record shows that you have already chosen this avenue of relief. Further, acceptance of your claim regarding the settlement agreement would constitute an improper collateral attack on the MSPB's adjudicatory process. Accordingly your challenge to the settlement agreement may not be accepted for investigation as an EEO complaint.

### IV. Conclusion:

Based upon the information contained in your complaint and in the counseling file, it was determined that your EEOC complaint can not be accepted for investigation because:

1. You have no standing to file a complaint of employment discrimination pursuant to 29 C.F.R. § 1614.103(c) because you are not an employee or applicant for employment with the U.S. Merit Systems Protection Board.

2. The actions you allege to be discriminatory are not employment matters subject to challenge through 29 C.F.R. § 1614.

3. The actions you allege to be discriminatory are related to the adjudication process. You may not use the EEO complaint process to lodge a collateral attack on this process.

Because EEO can not accept this claim for investigation, no conclusion has been reached as to:

1. Whether or not you meet the legal definitions necessary to claim protection under the law against age or disability discrimination, or

2. Whether or not any form of discrimination occurred in the adjudication or settlement process.

Those issues have been raised in the Petition for Review process—the appropriate forum—and must be addressed there.

### V. Appeal Rights:

This is the FINAL DECISION for the U.S. Merit Systems Protection Board on your EEO complaint. If you are dissatisfied with this Final Decision, you have the following appeal rights.

1. You may file an appeal with the U.S. Equal Employment Opportunity Commission (EEOC) by completing and mailing the enclosed EEOC Form 573, Notice of Appeal/Petition, at any time up to thirty (30) calendar days of receipt of this Final Decision on your complaint.

2. In lieu of an appeal to the EEOC, you may file a civil action in an appropriate U.S. District Court within ninety (90) calendar days of receipt of this Final Decision

3. If you elect to appeal to the EEOC's Office of Review and Appeals, you may file a civil action:

    a. Within ninety (90) calendar days of the EEOC's final decision on an appeal; or
    b. After one hundred eighty (180) calendar days from the date of filing an appeal with the EEOC, if there has been no final decision by the EEOC.

4. If you choose to file a civil action, and you do not have, or are unable to obtain the services of a lawyer, you may request the court to appoint a lawyer to represent you. In such circumstances as the court may deem just, the court may appoint a lawyer for you and may authorize the commencement of the action without the payment of fees, costs or security. Any such request must be made within the above-referenced ninety (90) day time limit and in such form and manner ad the court may require.

5. You are further notified that if you file a civil action, you must name the appropriate Department or Agency head as the defendant. Failure to name the head of the Department or Agency may result in the loss of any judicial redress to which you may be entitled. The head of the U.S. Merit Systems Protection Board is Neil A.G. McPhie, Chairman.

Sincerely,

Sharon Roth
Sharon Roth

Enclosure: EEOC Form 573

bcc: Tracey Watkins, Chief of Staff
Deborah Miron, Director of Regional Operations
P.J. Winzer, Director, Washington Regional Office