UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

PHILLIP S. WOODRUFF, )
)
    Plaintiff, )
)
v. )
)
) Case No.: 06-0688 RBW
)
Neil A.G. McPhie, Chairman )
U.S. Merit Systems Protection Board )
1615 M Street, NW )
Washington, DC 20419-0002 )
)
    Defendant )

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S MOTION TO DISMISS AS UNTIMELY FILED

Plaintiff, Phillip S. Woodruff, opposes Defendant's Motion for Dismiss and in furtherance thereof states:

### STATEMENT

Plaintiff served Defendant on June 19, 2006. Defendant's response to Plaintiff's Complaint is untimely. Defendant requested two (2) extensions of time to file the dispositive motion. His first request for extension of time was filed on the 61st day. This is past the time allotted to respond to the Plaintiff's Complaint. Regarding the first extension request, the Plaintiff in his opposition for extension of time filed on August 31, 2006, noted that the Defendant *never* contacted him requesting any extension. (Exhibit 1). Plaintiff's Opposition to Defendant's Extension of time filed on August 31, 2006 was never docketed by the Clerk as of September 9, 2006. (Exhibit 2). In fact, the docket shows that the Plaintiff's Opposition to Defendant's First Extension of Time Request was not entered until September 11, 2006 – after the Court had already ruled. (Exhibit 3). This is prejudicial to the Plaintiff. And, the Plaintiff

RECEIVED
SEP 18 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

was never given the opportunity to respond to the Defendant's second request for extension of time. Again, this is prejudicial to the Plaintiff.

Regarding Defendant's second request for extension, the Defendant states "counsel for defendant left a message for the pro se Plaintiff regarding the relief sought herein and left a message for [sic] defendant informing counsel that he would not consent to the requested extension." Plaintiff's Paralegal left a message with the Defendant's attorney stating that the *pro se* Plaintiff would not agree to any extension. Defendant's attorney would not accept this voice mail message thus Plaintiff faxed the denial to the Defendant, clearly outlining concerns and reasons for non-compliance. (Exhibit 4) Specifically, Plaintiff stated in writing to the defendant that he was "seriously concerned regarding the justification and timeliness of your requests." This was because the Defendant counsel had made false sworn testimony previously regarding contacting the Plaintiff for the first extension, and was now attempting to obtain an enlargement of the extension on the last day. Plaintiff had just been released from the hospital and was on bed rest and had to get a paralegal to prepare a written response. Defendant failed to communicate this to the court. Thus the Defendant's Motion to Dismiss Plaintiff's Complaint should be dismissed as untimely.

The Merit Systems own Mission Statement says:

"THE MERIT SYSTEMS PROTECTION BOARD (MSPB) IS AN **INDEPENDENT QUASI-JUDICIAL AGENCY ESTABLISHED TO PROTECT FEDERAL MERIT SYSTEMS AGAINST PARTISAN POLITICAL AND OTHER PROHIBITED PERSONNEL PRACTICES AND TO ENSURE ADEQUATE PROTECTION FOR EMPLOYEES AGAINST ABUSES BY AGENCY MANAGEMENT.**"

However, from the actions that the MSPB has taken, it is clearly not following its own Mission. The MSPB appears to use technicalities and misrepresentations to keep the Plaintiff from having his day in Court.

The Defendant seeks to confuse the court again.

Plaintiff seeks his relief through Title VII of the Civil Rights act, and other applicable laws, as applicable, including the Rehabilitation Act of 1973, as amended as noted in Plaintiff's Complaint. Plaintiff clearly notes in his Complaint in Paragraph 5, all issues of discrimination brought before the MSPB in the mixed case complaint including disability, age, reprisal and other matters have not been addressed by the ALJ or Office of Civil Rights as a result of this improper decision.

Plaintiff's Complaint deals with the misrepresentations of the MSPB Office of Civil Rights/EEO. Ms. Roth and Ms. Butler advised plaintiff that this was the proper venue for his Complaint. The MSPB Office of Civil Rights/EEO failed to review Plaintiff's allegations that he was denied accommodations for his disability by the Administrative Judge for Plaintiff's MSPB hearing; that the Administrative Law Judge failed to allow Plaintiff sufficient time to review the settlement agreement. As a result of this misrepresentation, Plaintiff has been seriously harmed.

These matters have not been heard or adjudicated by any court. These matters include:

1). That the MSPB Office of Civil Rights/EEO did not properly review Plaintiff's complaint after he was informed that they were in fact the proper forum and venue for this specific complaint;

2). That the MSPB Office of Civil Rights/EEO failed to review Plaintiff's complaints of disability and age discrimination against the MSPB Administrative Law Judge;

3). That the MSPB Office of Civil Rights/EEO failed to allow the Plaintiff sufficient time to review the settlement agreement, and explore the improprieties between the agency and the MSPB during the process;

4). That the MSBP Office of Civil Rights/EEO failed to address the issue that the Administrative Law Judge refused to hear the other issues brought before the MSPB in the mixed case complaint including disability, age, reprisal, etc.

## ARGUMENT

I.   <u>Plaintiff has provided facts in his complaint that would entitle him to relief.</u>

Plaintiff sought information from the MSPB Office of Civil Rights/EEO, including from the Acting Director of the office, Sharon Roth, on the proper venue to file an official complaint of discrimination against an MSPB Administrative Law Judge. Among other items, Plaintiff returned Ms. Roth's telephone call of November 1, 2005. She told Plaintiff that she was the acting director. She asked the Plaintiff to explain the chronology and case to Ms. Roth. They discussed in depth the fact that the Plaintiff was not an employee of the MPSB. He specifically asked Ms. Roth, and previously Ms. Butler, if he should file his complaint against the MSPB Administrative Law Judge with the MSPB or EEOC or elsewhere. Ms. Roth responded that Plaintiff could file with MSPB or with EEOC. Ms. Roth confirmed with Plaintiff that (1) he had notified them within the 45 day initial contact period; (2) He was eligible to file with MSPB; (3) that she would advise Ms. Butler and that she would contact Plaintiff and provide all of the appropriate paperwork. Both Ms. Butler and Ms. Roth informed Plaintiff that the MSPB Office of Civil Rights/EEO was the proper venue for any complaint or action against any employee of the MSPB including the Administrative Law Judge. They informed Plaintiff that they had prepared the paperwork and explained the complaint procedure and asked Plaintiff to keep them

4

apprised of the matter. He was advised that if he was not satisfied with the outcome of the matter that he could file a complaint with the EEOC or the Federal Court.

Plaintiff continued to keep Ms. Roth and Ms. Butler apprised throughout. At no time did they indicate that they were not the proper venue, jurisdiction or agency. At no time did they ever state that the MSPB Office of Civil Rights was the incorrect venue. Exactly the opposite.

After the Administrative Law Judge made the decision, Plaintiff filed his formal complaint with the MSPB Office of Civil Rights. Only upon the final decision of the complaint, after a long delay in response to his complaint, was he informed by Ms. Roth that the MSPB was the incorrect jurisdiction. This and other factors now raise the questions of why MSPB gave Plaintiff false and misleading information.

As a result of this misinformation, Plaintiff was seriously harmed.

II.     **Plaintiff filed this Complaint against the MSPB under Title VII of the Civil Rights Act, the ADEA or Rehabilitation Act to the extent it is deemed applicable.**

Plaintiff from the beginning advised both Ms. Roth and Ms. Butler that he was not an employee of the MSPB. He was advised however, that this was still the correct jurisdiction for his complaint. Discovery will determine whether Ms. Roth and others are in violation of the ADEA. Discovery may show that there was relatively new rule in the MSPB Office of Civil Rights/EEO that changed the procedure and that Ms. Roth and others gave Plaintiff the wrong information. Plaintiff's complaint states "other applicable laws" which would include ADEA in reference to the discriminating acts of the Administrative Law Judge.

In the final decision filed by Ms. Roth on January 12, 2006, she notes that, "In lieu of an appeal to the EEOC, you may file a civil action in an appropriate U.S. District Court within ninety (90) calendar days of receipt of this Final decision." Plaintiff filed this instant action in the U.S. Court for the District of Columbia in lieu of an appeal to the EEOC.

III.   <u>Plaintiff has not filed a collateral attack on the adjudication of an MSPB Appeal</u>

Defendant again chooses to misrepresent the Plaintiff. This complaint deals specifically with the apparent false information given to the Plaintiff by the MSPB Office of Civil Rights/EEO.

IV.   <u>Plaintiff's Claims are not Precluded by the Doctrine of Res Judicata</u>

*Res judicata* is defined as "An affirmative defense barring the same parties from beginning a second lawsuit on the same claim, or any other claim arising from the same claim, or any other claim arising from the same transaction or series of transactions and that could have been – but was not – raised in the first suit. The three related essential elements are (1) an earlier decision on the same issue; (2) a final judgment on the merits, and (3) the involvement of the same parties, or same parties in privity with the original parties." <u>Restatement (Second) of Judgments §§ 17, 24</u> (1982), as noted in Black's Law Dictionary, Eighth Edition.

Plaintiff has not previously addressed this issue before any court. This is an entirely different claim. The Defendant is again attempting to confuse the court by bringing up other matters that are irrelevant to this case.

There is no way that the issues in this complaint could have been brought up earlier as the Plaintiff had to wait for the process to be completed by the MSPB. This he did. He was also given misinformation on the proper way to handle the complaint against the Administrative Law Judge. There have been no prior decisions made on the issues of this complaint as they have never before been raised. Thus the application of *res judicata* does not apply to this case.

Plaintiff filed a case against the MSPB in the U.S. Federal Circuit. The case in the Federal Circuit did **not** include a claim of discrimination. Further, the Defendant fails to note that the Federal Circuit ruled that the Respondent would be the Department of Transportation

and **NOT** the MSPB. Plaintiff vigorously opposed this and requested that the Court change its ruling. The Court declined. Consequently, MSPB was **not** a Respondent in the Federal Circuit case. Finally, Plaintiff requested, and the Federal Circuit GRANTED dismissal <u>without</u> prejudice. As a result of this ruling, Plaintiff's Federal Circuit case was dismissed without prejudice at Plaintiff's request. Thus, there has **NEVER** been any matter adjudicated before the U.S. Federal Circuit against the MSPB or adjudicated by the U.S. District Court in this matter. In addition, the issues in the case that were before the U.S. Federal Circuit did **not** include the discrimination issues that are made in this complaint. Plaintiff is not simply restating his cause of action. *Res judicata* does not apply in this case.

Plaintiff has been denied his right for proper adjudication of his discrimination complaints against the Administrative Law Judge. The MSPB has avoided even responding to the claims by hiding under the cloak of the Federal Circuit, where the MSPB Chairman serves on the advisory board. Neil A.G. McPhie, Chairman of the MSPB serves on the advisory board of the U.S. Court for the Federal Circuit. Consequently, Plaintiff has additional evidence and claims to consider since the case before the Federal Circuit was dismissed without prejudice.

**WHEREFORE,** the Plaintiff, Phillip S. Woodruff, respectfully requests that the Court:

a). Deny Defendant's Motion to Dismiss;

b). Grant all relief requested in the Complaint filed by the Plaintiff dated April 14, 2006; and further

c). Reverse the decision of the MSPB Office of Civil Rights/EEO and further;

d). Grant Plaintiff leave to file an Amended Complaint; and further

e). Schedule this matter for a jury trial in Federal Court, and further

f). For such other relief that the Court may deem necessary.

Respectfully submitted,

_____ 9/18/2006
Phillip S. Woodruff
10812 Brookwood Avenue
Upper Marlboro, Maryland 20772
(301) 868-9383
*Plaintiff*

8