## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **PHILLIP S. WOODRUFF,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 06-0688 (RBW)** |
| | ) | |
| **NEIL MCPHIE, Chairman,** | ) | |
| **U.S. Merit Systems Protection Board,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

### Memorandum Opinion

Phillip S. Woodruff ("the plaintiff") brought this pro se lawsuit against the

Chairman ("the defendant") of the United States Merit Systems Protection Board's (the

"Board") Office of Equal Employment Opportunity ("EEO Office") claiming that the

EEO Office improperly dismissed his administrative complaint on venue grounds and his

employment status. Complaint ("Compl.") ¶¶ 1-2.  The defendant now seeks dismissal of

this action pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant's Motion to

Dismiss ("Def.'s Mot."), which is challenged by the plaintiff. Opposition to Defendant's

Motion to Dismiss and Motion to Dismiss Defendant's Motion to Dismiss as Untimely

Filed ("Pl.'s Opp'n").  Upon consideration of the parties' submissions, the Court will

grant the defendant's motion to dismiss.

### I.  Background

The plaintiff was formerly employed by the Department of Transportation's

("Department") Federal Aviation Administration as a Supervisory Public Affairs

Specialist. Def.'s Mot., Exhibit ("Ex.") 1 ("Board Appeal") at 1.[1]  His employment was

terminated on  June 30, 2005.  Id. at 2. Following the plaintiff's termination, he filed an

administrative appeal with the Board's Washington Regional Office alleging age and

disability discrimination and retaliation by the Department. Id. On September 22, 2005,

the plaintiff and the Department entered into a settlement agreement resolving the

plaintiff's Board appeal.  Id., Ex. 2 ("Board's Initial Decision") at 1.  However, shortly

thereafter, the plaintiff filed a Petition for Review ("Petition") with the Board requesting

that the Initial Decision settling his administrative appeal be vacated because the

administrative law judge overseeing the settlement had: (1) denied his request for

accommodations for his disabilities; (2) failed to rule on pending motions; (3) engaged in

ex parte communications; (4) improperly considered current EEO laws and the Older

Workers Benefit Protection Act (the "OW Act"); and (5) coerced him into signing the

settlement agreement without giving him adequate time to review it. Id., Ex. 3 ("Board

Petition") at 1-2; Compl. at 1.  The Board subsequently denied the plaintiff's Petition,

concluding, inter alia, that the administrative law judge "made no error in law or

regulation that affec[ted] the outcome" of the case.  Def.'s Mot., Ex. 4 ("Board's Final

Order") at 1-2.  On April 14, 2006, the plaintiff filed a petition for judicial review with

the United States Court of Appeals for the Federal Circuit; however, the plaintiff

withdrew that appeal on August 24, 2006.  See Woodruff v. Dep't of Transp., 197 F.

App'x 929, 929 (Fed. Cir. 2006).

---

[1] For ease of reference, the Court will identify the exhibits attached to the Memorandum in Support of
Defendant's Motion to Dismiss by the names the docketing clerk assigned to them.

While the plaintiff's Petition was still pending before the Board, the plaintiff contacted the defendant's EEO office and filed a formal complaint of discrimination against the administrative law judge citing the same reasons set forth in his Petition. Def.'s Mot., Ex. 5 ("Formal EEO Complaint").  The Board's EEO office subsequently issued a decision dismissing the plaintiff's formal EEO complaint for failure to state a claim and for an improper collateral attack on the Board's adjudicatory process.  Id., Ex. 6 ("Dismissal of Formal EEO Complaint") at 1. Ultimately, on April 14, 2006, the plaintiff filed his judicial complaint with this Court against the Board's Chairman for failing to review and investigate the plaintiff's discrimination allegations against the Board's administrative law judge.  The defendant has now moved for dismissal of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted.

## II.  Standard of Review

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper if a plaintiff's complaint does not "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  Under this rule,  a plaintiff need not allege specific details that prove the veracity of a claim; rather, a properly pleaded complaint only need contain a clear and concise statement of the claim sufficient to place a defendant on "notice of what the plaintiff's claim is and the grounds upon which it rests."  Conley v. Gibson, 355 U.S. 41, 47 (1957).  However, "a plaintiff's obligation to provide the grounds of his entitlement to relief [in his complaint] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, ___,127 S. Ct. 1955, 1964-65 (2007) (internal quotation marks

and brackets omitted).   In evaluating a motion to dismiss, the Court "must accept as true

all of the factual allegations contained in the complaint," Erickson v. Pardus, 551 U.S.

89, ___, 127 S. Ct. 2197, 2200 (2007) (per curiam) (citations omitted), and "grant [the]

plaintiff the benefit of all reasonable inferences from the facts alleged . . . ." Trudeau v.

Fed. Trade Comm'n, 456 F.3d 178, 193 (D.C. Cir. 2006) (citation omitted).   On the other

hand, the Court need not accept inferences that are unsupported by the facts set forth in

the complaint or "legal conclusion[s] couched as . . . factual allegation[s] . . . ." Id.

(internal quotation marks and citations omitted).   However, "[a] court may dismiss a

complaint only if it is clear that no relief could be granted under any set of facts that

could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S.

506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).   Finally,

for the purposes of a Rule 12(b)(6) motion, the Court may consider only the facts alleged

in the complaint, any documents attached as exhibits, and matters about which the Court

may take judicial notice.   EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624

(D.C. Cir. 1997). (citations omitted).

### III.  Legal Analysis

A.  The Plaintiff's Motion to Dismiss

        As an initial matter, the Court must address the plaintiff's argument that the

defendant's motion to dismiss must be denied as untimely.   The plaintiff contends in his

motion to dismiss that the defendant's first request for an extension of time, filed on

August 21, 2006, was untimely as it was filed 61 days after the filing of the complaint.

Pl.'s Opp'n at 1.   Additionally, the plaintiff raises concerns that he was not contacted by

the defendant before the first request for an extension of time was filed, that his

opposition to the first extension was not docketed in a timely fashion, and that he was never given the opportunity to respond to the defendant's second request for an extension of time. Id. at 1-2. The defendant has not responded to this motion.

Under the Federal Rules of Civil Procedure, a "United States officer or employee sued only in an official capacity must serve an answer to a complaint . . . within 60 days after service on the United States attorney." Fed. R. Civ. P. 12(a)(2). When, as here, the last day of this period falls on a Sunday, "the period runs until the end of the next day that is not a Saturday, Sunday, legal holiday, or day when the clerk's office is inaccessible." Fed. R. Civ. P. 6(a)(3). Thus, the defendant's response was not due until Monday, August 21, 2006.[2] Accordingly, the plaintiff's argument that the defendant's motion for extension of time was untimely filed is without merit.

The plaintiff's remaining arguments in his motion to dismiss center around the defendant's purported failure to follow the general requirements that an attempt be made to contact opposing counsel (or an opposing party) before requesting from the Court an extension of time to file a responsive motion to the plaintiff's complaint. Federal Rule of Civil Procedure 6(b)(1) addresses the extension of filing requirements, stating "the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1). The Court therefore has discretion to grant timely requests for extensions and did so here by entering a minute order granting the defendant's timely requests for

---

[2] Pursuant to Rule 12(a)(4) of the Federal Rules of Civil Procedure, once a motion to dismiss under Rule 12(b)(6) is filed a defendant need not file its answer until 10 days following the denial of the motion to dismiss. Therefore, the defendant's answer cannot be considered untimely as the Court is now just ruling on the defendant's motion to dismiss.

two extensions of time.  Accordingly, the Court will deny the plaintiff's motion to

dismiss the defendant's dismissal motion on the ground that it was filed untimely.

B.  The Defendant's Motion to Dismiss

(1) Is the plaintiff precluded from initiating action against the Board under Title

VII and the OW Act?

The defendant argues that Title VII and the OW Act only allow employees to sue

their employers, and therefore as a non-employee of the Board, the plaintiff cannot bring

suit against the defendant.  Def.'s Mot. at 4-5.  The plaintiff argues in response that

notwithstanding his non-employee status, he was informed by members of the Board's

EEO office that it was a proper venue for the filing of his administrative complaint

against the administrative law judge.  Pl.'s Opp'n at 4-5.

Even if the plaintiff is correct about what he was told, the critical question is

whether the Court can provide the relief the plaintiff seeks "under Title VII of the Civil

Rights Act, the [OW Act] and other applicable laws."  See Compl. at 1.  "Title VII

provides a former employee with a remedy only against his or her employer and does not

create an independent cause of action against the EEOC [Equal Employment Opportunity

Commission] for its investigation and processing of a charge."  Packer v. Garrett, 735 F.

Supp. 8, 9 (D.D.C. 1990) (internal quotation marks omitted) (emphasis in original);

Young v. Sullivan, 733 F. Supp. 131 (D.D.C. 1990); see also McCottrell v. EEOC, 726

F.2d 350, 351 (7th Cir. 1984); Ward v. EEOC, 719 F.2d 311, 313 (9th Cir. 1983), cert.

denied, 466 U.S. 953 (1984); Francis-Sobel v. Univ. of Maine, 597 F.2d 15 (1st Cir.

1979), cert. denied, 444 U.S. 949 (1979); Georator Corp. V. EEOC, 592 F.2d 765 (4th

Cir. 1979); Gibson v. Missouri Pac. R. Co., 579 F.2d 890, 891 (5th Cir. 1978), cert.

6

<u>denied</u>, 440 U.S. 921 (1979). The Age Discrimination in Employment Act ("ADEA")—which was amended by the OW Act—has been construed to create only rights against an alleged employer discriminator and not the bodies who investigate the allegations of employment discrimination.  <u>See</u> <u>Svenson v. Thomas</u>, 607 F. Supp. 1004, 1006 (D.D.C. 1985) (dismissing discrimination claim of non-employee against EEOC under Rule 12(b)(6) for failure to state a claim).

Here, it is undisputed that the plaintiff was never employed by either the Board's EEO office or the Board itself.  Pl.'s Opp'n at 5.  Accordingly, the Court concludes that neither Title VII nor the OW Act provide the plaintiff a basis for relief against the Board. The plaintiff's sole remedy under Title VII and ADEA lies against the head of the employing agency that allegedly perpetrated the discrimination, and therefore these claims cannot be maintained against the defendant. <u>See</u> <u>Svenson</u>, 607 F. Supp. at 1004.

<u>(2) Do agency regulations preclude a collateral attack on the adjudication of a Board appeal?</u>

The defendant also argues that this action cannot be maintained because "the EEO [administrative] complaint process is unavailable to challenge the actions of an administrative [law] judge in the adjudication of a Board appeal."  Def.'s Mot. at 6.  The plaintiff responds that his claims against the Board's EEO office had not previously been adjudicated by the Board, and further characterizes his claims as "deal[ing] specifically with the apparent false information" provided by the Board's EEO office personnel.  Pl.'s Opp'n at 6.  However, all of the issues presented by the plaintiff relate to the Board's failure to review or properly address his claims.  <u>Id.</u> at 3-4.  The remedies sought by the plaintiff are for the Court to reverse the Board's EEO office's decision and compel it to

investigate the plaintiff's underlying claims. Compl. at 3.  However, the EEOC has

concluded that individuals may not use the EEO complaint process to lodge collateral

attacks on other proceedings, <u>see, e.g.</u>, <u>Gryder v. Merit Sys. Prot. Bd.</u>, EEOC Appeal No.

01997117 (January 19, 2001) (interpreting 29 C.F.R. § 1614.107(a)(1) as only allowing

EEO complaints to be brought by employees and applicants for employment and

reaffirming that non-employee complaints constitute impermissible collateral attacks on

Board proceedings), a position with which the Court agrees. Moreover, because the

Federal Circuit Court of Appeals has "exclusive jurisdiction of an appeal from a final

orders or final decision of the MSPB [the Board]," 28 U.S.C. § 1295(a)(9); <u>see</u> 5 U.S.C.

§ 7703(a),(b), any other judicial body is precluded from reviewing final decisions of the

Board. Therefore, this Court cannot grant the plaintiff's requested relief because it is

without authority to compel the Board's EEO office to take the action requested.[3]

### IV.  Conclusion

For the aforementioned reasons, the Court will **GRANT** the Defendant's Motion

to Dismiss, and **DENY** the Plaintiff's Motion to Dismiss the Defendant's Motion to

Dismiss. [4]

**SO ORDERED** this 23rd day of January, 2009.

REGGIE B. WALTON
United States District Judge

---

[3] The defendant further asserts that the plaintiff's claims are also barred as <u>res judicata</u> since the Board denied the plaintiff's Petition and the plaintiff had the opportunity for judicial review of that denial before the Federal Circuit.  Def.'s Mot. at 8.  In response, the plaintiff contends that his claims are narrowly pled against the Board's EEO office, characterizing them as incapable of prior adjudication and thus not barred by <u>res judicata</u>.  Pl.'s Opp'n at 6.  However, there is no need to reach the issue of <u>res judicata</u>, as none of the plaintiff's claims provide a legal basis for the relief he seeks.

[4] An Order consistent with this Memorandum Opinion was issued on March 28, 2008.